

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

July 30, 2014

*Via ECF and Electronic Mail*
The Honorable Cathy Seibel
United States District Judge of the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *Tutsky, et al v. MTC Limousine & Corporate Coach, Inc., et al*
              *Docket No. 14-CV-03408 (CS)*

Dear Judge Seibel:

      We represent the Plaintiffs in this matter. We write pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules to request a pre-motion conference to address Plaintiff Tutsky's intended motion to dismiss Defendants' counterclaim included in their Answer (Dkt. No. 14).

      This case involves claims that Defendants MTC Limousine & Corporate Coach, Inc., Trevor Franklin, James Rubin, Matthew Hitchcock, and Greg Lacasky (together as "MTC" or "Defendants") violated various provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay for all hours worked including overtime wages to Plaintiffs and a class of employees known as Independent Operators or "IOs." This case is related to another action pending before this Court against the same Defendants with similar allegations of unpaid wages to a different class of non-managerial drivers. *James Walker, et al. v. MTC Limousine & Corporate Coach, Inc., et al.*, No. 13-cv-6484 (CS).

      In their Answer, the Defendants filed a retaliatory counterclaim against Plaintiff Tutsky which, although very unclear, purports to allege a breach of contract claim or possibly defamation.[1] While asserting various "facts" and demanding certain categories of damages,

---

[1] Plaintiffs promptly amended the Complaint (Dkt. No. 15) to assert retaliation claims under the FLSA and NYLL because Defendants' counterclaim constitutes prohibited retaliation.

MTC does not state a claim upon which relief can be granted, or even the legal theory on which they bring their claims. Plaintiff Tutsky is thus left to guess, and thereby assumes that the counterclaim is brought under New York common law for breach of contract or for defamation.

The Defendants contend that Plaintiff Tutsky allegedly entered into an agreement through which he "affirmatively stated that he wanted to be retained as an independent contractor and acknowledged that he was not entitled to participate in any plans, benefits, arrangements, distributions or fringe benefits that MTC Limousine provided to its employees." (Dkt. 14 at 9). Defendants claim that Plaintiff Tutsky "falsely alleg[ed] that he had an employer/employee relationship with MTC Limousine" in the Complaint. (Dkt. 14 at 10).

To survive a motion to dismiss, a claim must contain sufficient facts which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Renovate Mfg., LLC v. Acer Am. Corp.*, 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013).

"To state a claim for breach of contract under New York law, a plaintiff must allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 553 Fed. Appx. 37, 38-39 (2d Cir. 2014). Here, the Defendants have failed to plead facts sufficient to state a claim upon which relief can be granted, especially under the pleading standards set forth in *Iqbal* and *Twombly*.

First, the Defendants have not alleged in any way how their performance of their obligations under the contract was adequate. This failure to plead an element of the claim is enough for dismissal. *See generally Iqbal & Twombly*, *supra*.

Second, the Defendants also have not alleged how Plaintiff Tutsky's lawsuit constitutes a breach of the purported agreement. The Defendants have not quoted from the agreement or attached a copy to their counterclaim to show how Plaintiff Tutsky breached it. The alleged facts do not demonstrate plausible claims.

Third, the Defendants have failed to allege the existence of a lawful agreement. If Defendants are claiming that Plaintiff Tutsky waived his right to wages and liquidated damages under the FLSA, their claim would violate the law. Under the FLSA, employees may not, either prospectively or retrospectively, agree to waive their FLSA rights to minimum wages, overtime, or liquidated damages by agreement. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) (citing authorities) ("neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage."). Such agreements "thwart[] the public policy . . . by reducing the sum selected by Congress as proper compensation for withholding wages." *Id*.; *accord, e.g.*, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

Fourth, the Defendants have failed to allege that the purported agreement was sufficiently definite in time. Unless the relevant employment contracts specified definite periods of service, "the plaintiffs and other relevant employees are presumed to be employees at will" under New York law. *Gortat v. Capala Bros., Inc.*, 585 F. Supp. 2d 372, 376 (E.D.N.Y. 2008). "An agreement terminable at will is a prospective contractual relationship." *Id*. (quotation omitted). A plaintiff must allege culpable conduct for breach of a prospective contractual relationship. *Id*. (citations and quotations omitted). The Defendants have not alleged culpable conduct here.

Finally as it pertains to breach of contract, Defendants fail to show that Plaintiff Tutsky's alleged breach damaged them. It appears, but is again unclear, that Defendants only claimed damages are their attorney's fees and costs in defending this action. Since Plaintiff Tutsky has a right to bring an FLSA lawsuit and cannot waive that right, as just discussed, Defendants cannot claim these damages. In both the FLSA and NYLL context, the statutes only provide for attorneys' fees and costs to the Plaintiff. 29 U.S.C. § 216(b); NYLL § 198.

Additionally, to the extent that the Defendants are trying to assert a claim for defamation under New York law, CPLR § 3016(a) provides that "[i]n an action for libel or slander, the particular words complained of shall be set forth in the [pleading], but their application to the [party bringing the cause of action] may be stated generally." The requirement that the defamatory words be quoted in the pleading verbatim is strictly enforced. *Varela v. Investors Ins. Holding Corp.*, 185 A.D.2d 309, 310 (2d Dep't 1992); *see Manas v. VMS Associates, LLC*, 53 A.D.3d 451, 454-55 (1st Dep't 2008) (paraphrasing the allegedly defamatory words such that the actual allegedly actionable words were not evident from the face of the complaint requires dismissal of the cause of action); *Simpson v. Cook Pony Farm Real Estate, Inc.*, 12 A.D.3d 496, 497 (2d Dep't 2004) (failure of the complaint to set forth the particular words complained of mandates dismissal, as does the failure to state the particular person or persons to whom the allegedly defamatory statements were published). Here, the Defendants have failed to meet this substantive requirement to plead such a claim.[2]

---

[2] To the extent that MTC is basing its defamation claim on statements that Plaintiff Tutsky has made in the Complaint, the New York Court of Appeals long ago established that a statement made in the course

For the foregoing reasons, Plaintiff Tutsky respectfully requests a pre-motion conference so that he may move to dismiss Defendants' retaliatory and baseless counterclaim, regardless of the legal theory under which the Defendants have tried to bring it.

Respectfully submitted,

\_\_\_s/Michael J. Palitz\_
Michael J. Palitz, Esq.
*For the Firm*

cc:    counsel of record (via ECF and electronic mail)

---

of legal proceedings is absolutely privileged if it is at all pertinent to the litigation. *Mosesson v. Jacob D. Fuchsberg Law Firm*, 683 N.Y.S. 2d 88, 89 (1st Dep't 1999) (citing *Youmans v. Smith*, 153 N.Y. 214, 219 (1897)). The privilege is broad enough to extend to all matters which would be libelous if not for their introduction into an action and which might become pertinent at any time during the proceedings. *Mosesson*, 683 N.Y.S.2d at 89.  Here, Plaintiff Tutsky's statement that he is an employee entitled to the FLSA's and NYLL's protections is obviously privileged because it is pertinent to his claims that the Defendants failed to pay him properly under those laws.