UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
RONALD TUTSKY, on behalf of himself                                      :
and all others similarly situated,                                       :   Case No. 14 CV 3408
                                                                         :
                                  Plaintiff,                    :
                                                                         :
                    -against-                                  :   **AMENDED ANSWER AND**
                                                                         :   **COUNTERCLAIMS**
MTC LIMOUSINE & CORPORATE COACH, INC.,                                   :
and TREVOR FRANKLIN, JAMES RUBIN,                                        :
MATTHEW HITCHCOCK, and GREG LACASKY,                                     :
each in their professional and individual capacities,                    :
                                                                         :
                                  Defendants.                   :
                                                                         :
------------------------------------------------------------------------ x

        Pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, Defendants MTC Limousine & Corporate Coach, Inc., Trevor Franklin, James Rubin, Matthew Hitchcock and Greg Lacasky answer the Amended Complaint of Plaintiff Ronald Tutsky, as follows:

        1.        The statements contained in paragraph 1 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

        2.        Defendants deny the allegations contained in paragraph 2.

        3.        The statements contained in paragraph 3 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

        4.        Defendants deny the allegations contained in paragraph 4.

        5.        Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations that they violated the FLSA, and the remaining statements contained in paragraph 6 are conclusions of law, to which no response is required.

7. Defendants deny the allegations that they violated the NYLL and New York State Department of Labor regulations, and the remaining statements contained in paragraph 7 are conclusions of law, to which no response is required.

8. Defendants deny the allegations contained in paragraph 8.

9. The statements contained in paragraph 9 are conclusions of law, to which no response is required.

10. The statements contained in paragraph 10 are conclusions of law, to which no response is required.

11. The statements contained in paragraph 11 are conclusions of law, to which no response is required.

12. Deny the allegations contained in paragraph 12, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is a resident of Connecticut.

13. Admit the allegations contained in paragraph 13.

14. Deny that Franklin, Rubin and Hitchcock reside in Westchester County, and admit the remaining allegations contained in paragraph 14.

15. Deny the allegations that Defendant Lacasky managed and manages all aspects of the chauffeur staff, admits the remaining allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. The statements contained in paragraph 17 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations that Defendants violated the NYLL and NYCCRR, the remaining statements contained in paragraph 20 are conclusions of law, to which no response is required.

21. The statements contained in paragraph 21 are conclusions of law, to which no response is required.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. The statements contained in paragraph 24 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Admit the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Admit the allegations contained in paragraph 39.

40. Admit the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Admit the allegations contained in paragraph 45.

46. Admit the allegations contained in paragraph 46.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. The statements contained in paragraph 52 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Admit the allegations contained in paragraph 61.

62. The statements contained in paragraph 62 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

63. Admit the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

67. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 67.

68. The statements contained in paragraph 68 are conclusions of law, to which no response is required.

69. Deny the allegations contained in paragraph 69.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 74.

75. The statements contained in paragraph 75 are conclusions of law, to which no response is required.

76. Deny the allegations contained in paragraph 76.

77. Deny the allegations contained in paragraph 77.

78. Deny the allegations contained in paragraph 78.

79. Deny the allegations contained in paragraph 79.

80. Deny the allegations contained in paragraph 80.

81. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 81.

82. The statements contained in paragraph 82 are conclusions of law, to which no response is required.

83. Deny the allegations contained in paragraph 83.

84. Deny the allegations contained in paragraph 84.

85. Deny the allegations contained in paragraph 85.

86. Deny the allegations contained in paragraph 86.

87. Deny the allegations contained in paragraph 87.

88. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 88.

89. The statements contained in paragraph 89 are conclusions of law, to which no response is required.

90. Deny the allegations contained in paragraph 90.

91. Deny the allegations contained in paragraph 91.

92. Deny the allegations contained in paragraph 92.

93. Deny the allegations contained in paragraph 93.

94. Deny the allegations contained in paragraph 94.

95. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 95.

96. The statements contained in paragraph 96 are conclusions of law, to which no response is required.

97. Deny the allegations contained in paragraph 97.

98. Deny the allegations contained in paragraph 98.

99. Deny the allegations contained in paragraph 99.

100. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 100.

101. The statements contained in paragraph 101 are conclusions of law, to which no response is required. To the extent a further response is deemed necessary, the allegations are denied.

102. Deny the allegations contained in paragraph 102.

103. Deny the allegations contained in paragraph 103.

104. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 104.

105. Deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in paragraph 109.

110. Repeat and reallege the answers to the allegations contained in paragraphs 1 through 110.

111. Deny the allegations contained in paragraph 111.

112. Deny the allegations contained in paragraph 112.

113. Deny the allegations contained in paragraph 113.

114. Deny the allegations contained in paragraph 114.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

115. Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

116. Defendants were exempt from the overtime requirements of the FLSA and New York law and NYCCRR.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

117. Defendants acted in good faith.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

118. Defendants committed no willful misconduct or violation of law.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

119. Plaintiff's claims are barred by applicable statutes of limitations, in whole or in part.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

120. Plaintiff has waived his claims and/or is estopped from bringing them.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

121. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

122. Defendants paid all amounts to which the Plaintiff is entitled.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

123. Plaintiff's claims are barred by the Release of Claims he entered releasing Defendants from all manners of actions.

### AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

124. Plaintiff's claims against Greg Lacasky are barred because he is not an employer under the Fair Labor Standards Act and New York Labor Laws.

### AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

125. Plaintiff's claims against all Defendants are barred because they are not employers and the Plaintiff is not an employee under the Fair Labor Standards Act and New York Labor Laws.

### AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM AGAINST PLAINTIFF RONALD TUTSKY

### (BREACH OF CONTRACT)

126. Defendants repeat and reallege the allegations contained in paragraphs 1 through 126.

127. On October 23, 2002 the Plaintiff was hired by MTC Limousine as an employee chauffeur of the company.

128. The Plaintiff continued to work as an employee who transported customers as a chauffeur on behalf of MTC Limousine for more than two years.

129. In November, 2004 the Plaintiff filed and registered a Business Certificate with the Westchester County Clerk in which he swore that he was conducting or transacting business in the County of Westchester under the business name or designation of Greenwich Chauffeuring.

130. In November 2004, the Plaintiff personally contacted and requested that MTC Limousine end his employment relationship with him and instead retain him and his business Greenwich Chauffeuring as an independent contractor who would provide chauffeur services on behalf of customers of MTC Limousine.

131. Based upon this request and representation, on December 1, 2004, MTC Limousine and Corporate Coach, Inc. (hereinafter, "MTC Limousine") entered the Independent

Contractor Agreement (hereinafter "the Agreement") with Ronald Tutsky – Greenwich Chauffeuring.

132.   The Plaintiff made continuous representations to MTC Limousine that he was not and did not want to be an employee of MTC Limousine and requested that his contract be renewed as an Independent Contractor in 2006, 2008 and 2011. As a result, MTC Limousine entered into Independent Contractor Agreements with the Plaintiff in January 2006, January 2008 and January 2001 (hereinafter "the Agreements").

133.   Pursuant to the Agreements, Plaintiff Tutsky represented that he was Ronald Tutsky - Greenwich Chauffeuring, who was a Contractor who, "affirmatively desires to be retained as an independent contractor" by MTC Limousine under the terms and conditions set forth in the Agreements.

134.   Pursuant to the Agreements, Plaintiff Tutsky, "acknowledged and understands that he/she is an independent contractor and is not entitled to participate in any plans, arrangements or distributions pertaining to or connected with any pensions or other deferred compensation plan, health, life or disability insurance programs or any other fringe benefits which the Company provides for its employees."

135.   Pursuant to the Agreements, Plaintiff Tutsky agreed that he would, "defend, indemnify and hold Company harmless from and against any and all costs, claims, expenses and damages arising from any misrepresentation, breach, default or non-fulfillment of any provision or covenant set forth herein by the Contractor."

136.   Pursuant to the Agreements, Plaintiff agreed that nothing in the Agreements would be deemed to constitute an employer/employee relationship between the Plaintiff and MTC Limousine.

137. Pursuant to the Agreements, Plaintiff agreed that if MTC Limousine had to institute a cause of action for breach of the Agreements, that the Plaintiff shall bear responsibility for all damages incurred as a result of such breach, including reasonable attorneys' fees incurred by the Defendants.

138. The Defendant MTC Limousine adequately performed and met all the requirements contained within the Agreements and engaged the Plaintiff to provide driving and chauffeur services on behalf of its clients based upon the representations made by the Plaintiff in the Agreements and the terms and conditions of the Agreements.

139. The Plaintiff has breached the terms of the Agreements by not holding MTC Limousine harmless from and against any and all costs, claims, expenses and damages arising from any misrepresentation, breach, default or nonfulfillment of any provision or covenant set forth by the plaintiff in the Agreements.

140. The Plaintiff has breached the Agreements by instituting a Complaint against the Defendants in the United States District Court, Southern District of New York despite the provision within the Agreements in which he stated that he would hold MTC Limousine harmless from and against any and all costs, claims, expenses and damages arising from any misrepresentation, breach, default or nonfulfillment of any provision or covenant set forth by the Plaintiff in the Agreements.

141. Pursuant to the Agreements, Plaintiff Tutsky agreed that the MTC Limousine would be entitled to any damages and attorneys' fees arising from all such breaches of the Agreements.

142. Pursuant to the Agreements, Plaintiff Tutsky agreed to pay all costs, including reasonable attorneys' fees incurred by the Defendants as a result of his breaches of the Agreements.

143. Pursuant to the Agreements, the Plaintiff agrees that MTC Limousine is entitled to all equitable remedies to which it is entitled as a result of the Plaintiff's breach of the Agreements.

144. Plaintiff Tutsky is in breach of the Agreements and owes all costs, damages, equitable remedies and attorneys' fees incurred by MTC Limousine as a result of the initiation of this lawsuit and all other costs and fees deemed proper by this Court.

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM AGAINST PLAINTIFF RONALD TUTSKY

### (FRAUD)

145. Defendants repeat and reallege the allegations contained in paragraphs 1 through 145.

146. The Plaintiff was hired as an employee driver by MTC Limousine on October 23, 2002.

147. In November, 2004, the Plaintiff filed and registered a Business Certificate with the Westchester County Clerk in which he swore that he was conducting or transacting business in the County of Westchester under the business name or designation of Greenwich Chauffeuring.

148. In November 2004, and at the offices of MTC Limousine, the Plaintiff requested that MTC Limousine end his employment relationship with him and instead retain him and his business Greenwich Chauffeuring as an independent contractor.

149. As a result of these representations, on December 1, 2004, January 2006, January 2008 and January 2011 the Plaintiff entered the Independent Contractor Agreement (hereinafter "the Agreement") as Ronald Tutsky – Greenwich Chauffeuring, with Defendant MTC Limousine and Corporate Coach, Inc. (hereinafter, "MTC Limousine").

150. Pursuant to the Agreement, Plaintiff Tutsky represented that he was Ronald Tutsky – Greenwich Chauffeuring, who was a Contractor who, "affirmatively desires to be retained as an independent contractor" by MTC Limousine under the terms and conditions set forth in the Agreement.

151. In November 2004, January 2006, January 2008 and January 2011 at the offices of MTC Limousine, the Plaintiff made repeated representations to MTC Limousine that he wanted to be an independent operator and not an employee. As a result of those repeated and continuous representations by the Plaintiff, MTC Limousine engaged Plaintiff Tutsky - Greenwich Chauffeuring, as an independent contractor who would provide services as a driver and chauffeur in exchange for compensation.

152. MTC Limousine did not know that the Plaintiff's representations that he wanted to be and was an independent operator were false.

153. The Plaintiff subsequently sued the Defendants in this action and claimed that he was an employee and not an independent contractor. Therefore, the Plaintiff's representations to MTC Limousine that he wanted to be an independent contractor and not an employee were false.

154. The Plaintiff made these continuous misrepresentations to MTC Limousine in an attempt to deceive the company and induce it to enter into the Agreement on multiple occasions.

155. MTC Limousine believed and justifiably relied upon Plaintiff's statements that he wanted to be and was an Independent Contractor and was induced by it to retain Plaintiff's

services as an Independent Contractor as a result. If MTC Limousine was not misled by the Plaintiff, it would not have ended his employment as a chauffeur and would not have been sued by the Plaintiff.

156. As a result of MTC Limousine's reliance upon Plaintiff's intentional misrepresentations, MTC Limousine has suffered substantial pecuniary losses and damages in the form of attorneys' fees and legal costs.

157. The Plaintiff stated in the Agreement that he would, "defend, indemnify and hold Company harmless from and against any and all costs, claims, expenses and damages arising from any misrepresentation . . . of any provision or covenant set forth herein by the Contractor."

158. The Defendants seek reimbursements from the Plaintiff for the misrepresentations he has made in that have caused significant monetary harm to them.

159. The Defendants seek special damages from the Plaintiff.

**WHEREFORE**, Defendants respectfully pray that the Court enter a judgment:

  I. Dismissing the complaint in its entirety;

  II. On the first counterclaim, an award of damages to the Defendants in an amount to be determined at trial;

  III. On the second counterclaim, an award of damages to the Defendants in an amount to be determined at trial.

  IV. Awarding reasonable counsel fees to the Defendants;

  V. Awarding to the Defendants the costs and disbursements of this action; and

  VI. Such other and further relief as to Court may deem just and proper.

Dated: New York, New York
       November 21, 2014

                              ROBINSON & COLE LLP

                              By: /s/ Katherine C. Glynn
                                  Katherine C. Glynn (KCG-9541)
                                  Laura Torchio (LT-9975)
                                  Attorneys for Defendants
                                  666 Third Avenue, 20th Floor
                                  New York, New York 10017
                                  Tel: 212-451-2900

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2014, I personally caused a copy of the foregoing to be served on the counsel of record for the Plaintiff via electronic filing addressed as follows:

Michael Palitz, Esq.
The Law Office of Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021

/s/ Katherine C. Glynn
Katherine C. Glynn (KG-9541)
